IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CR-217-D-6

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **TRIAL** |
| DOMONIC DEVARRISE USHER, ) | |
| ) | |
| Defendant. ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives, and defendant the testimony of the proposed third-party custodian, defendant's father. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial. The government's motion is therefore GRANTED.

**Background**

Defendant was indicted on 28 September 2011 for the following offenses: conspiracy to rob a business engaged in interstate commerce from in or about January 2010 until on or about 3 April 2010 in violation of 18 U.S.C. § 1951 (ct. 1); five counts of robbery of a business engaged in interstate commerce, and aiding and abetting the same, on or about 25 and 27 January 2010, 19 and 23 February 2010, and 13 March 2010 (cts. 2, 4, 6, 8, and 14, respectively) in violation of 18 U.S.C.

§§ 1951 and 2; and five counts of possession of a firearm in furtherance of a crime of violence, and aiding and abetting the same, on or about 25 and 27 January 2010, 19 and 23 February 2010, and 13 March 2010 in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (cts. 3, 5, 7, 9, and 15, respectively). The evidence presented at the hearing showed that on each of the alleged offense dates defendant entered the stores being robbed, all Dollar General or Family Dollar stores in the Wilson and Goldsboro areas, with at least two other robbers. The robbers wore dark clothing with bandanas over their faces. In all the robberies, one or more of the robbers was armed and pointed guns at victims. In at least one robbery, defendant himself was armed.

The evidence against defendant consists primarily of statements by his four co-conspirators, three of whom have pled guilty. The statements implicating defendants corroborate each other. Other evidence includes victim statements and videotape of the robberies.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the violent nature of the offenses charged; the circumstances of the offenses charged, including the multiplicity and relative recency of the alleged robberies; defendant's criminal record, including one felony conviction, sixteen misdemeanors, and three probation revocations (two for absconding supervision); the unsuitability of the proposed third-party custodial arrangement (notwithstanding the manifest strength of the proposed custodian himself) due to the high degree of flight risk and risk of danger presented by defendant, and defendant's clear disregard

of the authority and advice of the proposed custodian; and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, the fact that defendant has strong family support and prior employment experience has not deterred him from engaging in the alleged offense conduct. These factors are, in any event, inadequate to offset the factors weighing in favor of detention. In addition, the court has taken into account the possible motivation of defendant's co-conspirators to implicate him in an effort to mitigate their own culpability. But defendant did not show that the co-conspirator statements are unworthy of belief on those grounds (or any other), particularly since they are consistent with each other.

**Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 6th day of October 2011.

_____
James E. Gates
United States Magistrate Judge